UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>PAUL DAVID HITE,<br><br>    Defendant. | Criminal No. 12-65 (CKK) |

**MEMORANDUM OPINION**
(June 14, 2013)

Defendant Paul David Hite was charged by Superseding Indictment with two counts of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). Following a jury trial, the Defendant was convicted of both counts. Presently before the Court is the Defendant's [98] Rule 29 Motion for Judgment of Acquittal. The Defendant argues he is entitled to a judgment of acquittal because, as a matter of law, he could not have been charged with attempting to violate the underlying District of Columbia statute identified in the Superseding Indictment. Upon consideration of the parties' oral arguments,[1] the pleadings,[2] and the relevant legal authorities, the Court finds section 2422(b) does not require the Government to prove that a defendant could be independently charged with attempting to violate the underlying state statute. Therefore, the Defendant's motion for acquittal is DENIED.

**I. BACKGROUND**

The Court detailed the factual background at length in two memoranda opinions denying the Defendant's motions to dismiss, and incorporates that discussion herein. 6/30/12 Mem. Op.,

---

[1] 2/8/13 PM Tr. 18:19-28:1.

[2] Def.'s (Second) Rule 29 Motion for Judgment of Acquittal ("Def.'s Mot."), ECF No. [98]; Gov't's Opp'n, ECF No. [99]; Def.'s Reply, [102]; Gov't's Surreply, ECF No. [112].

ECF No. [15]; 10/9/12 Mem. Op., ECF No. [24].  In short, the Defendant engaged in a number of online and telephonic conversations with an individual known to the Defendant as "JP" concerning sexual activity with JP's three year-old nephew and the twelve year-old daughter of JP's girlfriend.  *See* 6/30/12 Mem. Op. 2-13.  "JP" was the undercover identity used by Metropolitan Police Department Detective Timothy Palchak.  The Superseding Indictment charged the Defendant with two counts of "using facilities of interstate commerce, that is, a telephone and computer connected to the Internet, [to] knowingly attempt to persuade, induce, entice, and coerce a minor of the [ages of 3 and 12 years], to engage in sexual activity under such circumstances as would constitute a criminal act" under D.C. Code § 22-3008.  Superseding Indictment, ECF No. [10].  Section 22-3008 of the D.C. Code provides

> [W]hoever, being at least 4 years older than a child, engages in a sexual act with that child or causes that child to engage in a sexual act shall be imprisoned for any term of years or for life and, in addition, may be fined an amount not to exceed $250,000.

D.C. Code § 22-3008.

At the close of the Government's case the Defendant moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, on two grounds.  First, the Defendant argued that the Government failed to produce sufficient evidence to show that the Defendant took a substantial step towards completion of the offense.  2/8/12 PM Tr. 30:11-31:6.  The Court shall address this portion of the Defendant's motion under separate cover.  The Defendant also argued that, as a matter of law, section 2422(b) requires the Government to prove the Defendant could be charged with attempting to violate the underlying state offense identified in the indictment.  *See id*. at 18:19-20:9.  The Defendant suggested that D.C. Code § 22-3008 did not apply to conduct involving fictitious minors, thus, as a matter of law, the Government could not prove the Defendant could be charged with attempting to violate section 22-3008.  *Id.*  The Court reserved

its decision on the Defendant's motions pending the jury's verdict. *Id.* at 38:16-21. Following a verdict of guilty on both counts of the Superseding Indictment, the Court asked the parties to submit further briefing regarding the second basis for the Defendant's motion, which is now ripe for resolution.

## II.  LEGAL STANDARD

Federal Rule of Criminal Procedure 29 provides in relevant part that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Cr. P. 29(a).

> The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Fed. R. Cr. P. 29(b).

## III.  DISCUSSION

In response to the Defendant's motion, the Government argues that as a threshold matter, the Defendant waived his legal argument by failing to raise it before trial.  Alternatively, the Government contends that on the merits the Defendant's motion rests on an incorrect interpretation of the Section 2422(b).  As set forth below, the Court finds the Defendant did not waive his argument by failing to raise it before trial, but the Government is correct that section 2422(b) does not incorporate the elements of the state offense in the manner suggested by the Defendant.  Therefore, the Court shall deny the Defendant's motion without reaching the question of whether D.C. Code § 22-3008 applies to incidents involving fictitious children.

A.  **The Defendant Did Not Waive His Argument Underlying His Rule 29 Motion by Failing to Raise It before Trial**

Initially, the Government argues that the Defendant was required to bring the present motion as a motion to dismiss the Superseding Indictment *before* the trial commenced.  "[A]n indictment may be challenged on the ground that it failed to state a charge at any time up to and including direct appeal," however, "an objection to an indictment based on other 'defects' must be raised before trial or will be deemed waived."  United States v. Childress, 58 F.3d 693, 720 (D.C. Cir. 1995) (citing Fed. R. Civ. P. 12(b)(3)).  According to the Government, the Defendant seeks a judgment of acquittal based on a defect in the Superseding Indictment (rather than a failure to state a claim), and therefore waived his argument by failing to bring his motion before trial.  For his part, the Defendant argues that Rule 12 has no application in this scenario because he moved for a judgment of acquittal pursuant to Rule 29.  Both arguments are misplaced

"Claims that a statute named in an indictment does not proscribe the alleged conduct are generally treated as claims that the indictment 'fails to state an offense.'" *United States v. Teh*, 535 F.3d 511, 515 (6th Cir. 2008) (citing cases from the Second and Fifth Circuits).  Teh was accused of importing counterfeit DVDs, and indicted under 18 U.S.C. § 545, which prohibits knowingly importing merchandise "contrary to law."  *Id.* at 513.  Following a bench trial, Teh filed a motion for judgment of acquittal arguing, among other things, that his alleged conduct could only be prosecuted under the Copyright Act, not section 545.  *Id.* at 515.  Teh "claim[ed] that the statute asserted in the indictment to have been violated does not reach the conduct alleged," therefore, the court concluded that Teh's argument "falls under the Rule 12(b)(3)(B) exception as a claim that the indictment failed to state an offense."  *Id.* at 516 (citing *United States v. Miller*, 161 F.3d 977 (6th Cir. 1998)); *see also Miller*, 161 F.3d at 982 ("In this case, Byrnes' argument is that the indictment against her fails to charge an offense because the

4

conduct with which she is charged does not fall within the statute under which the government proceeded. Thus, Byrnes' failure to raise the issue prior to trial does not constitute a waiver."). This is precisely the argument the Defendant makes in the present motion: the Defendant asserts that he cannot be charged with attempting to violate section 2422(b) with the underlying state law violation of D.C. Code 22-3008 because section 22-3008 applies only to real children and this case involves fictitious children. Def.'s Mot. at 2. Although styled as a Rule 29 motion, the Defendant in essence moves to dismiss the Superseding Indictment for failure to state a claim, which the Court can consider despite being raised after trial commenced.

The D.C. Circuit cases cited by the Government provide little guidance as to how the Defendant's present motion should be characterized. The D.C. Circuit has not set forth a doctrinal approach through which a court can distinguish between a defect and the failure to state a claim, opting instead to define "defects" by way of example. *Compare United States v. Mathis*, 216 F.3d 18, 26, n.7 (D.C. Cir. 2000) (finding argument that indictment was duplicative asserted a defect in the indictment); *United States v. Weathers*, 186 F.3d 948, 952 (D.C. Cir. 1999) (holding multiplicity challenge to indictment alleged a defect in the indictment), *with Childress*, 58 F.3d at 720 (analyzing argument that the indictment failed to specify required overt acts under rubric of failure to state a claim). The Sixth Circuit's approach as set forth in *Teh* is consistent with the limited useful case law on this issue in the D.C. Circuit. Accordingly, the Court finds the Defendant's motion functionally alleges the Superseding Indictment fails to state a claim, therefore the Defendant was not required to raise this issue before trial.

> B.   *Section 2422(b) Does Not Require the Government to Prove the Defendant Attempted to Violate the Underlying State Offense*

The crux of the Defendant's motion is that "[a] prerequisite to conviction under 18 U.S.C. § 2422(b) is that the defendant may be charged with a violation of, or with an attempt to

violate, the underlying state law." The Defendant contends that D.C. Code § 22-3008 does not apply to offenses involving fictitious children, therefore, the Defendant could not be charged with an attempt to violate § 22-3008. The Court need not decide whether D.C. Code § 22-3008 includes offenses involving fictitious children because the premise of the Defendant's argument is incorrect: the Government is not required to show that a defendant could be charged with an attempt to violate the underlying state law in order to obtain a conviction under 18 U.S.C. § 2422(b).

As a threshold matter, the Defendant's argument is inconsistent with the text of section 2422(b). Section 2422(b) prohibits persuading, inducing, enticing, or coercing a minor to engage in sexual activity "for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b). In other words, "[s]ection 2422(b) criminalizes an intentional attempt to achieve a mental state—a minor's assent." *United States v. Berk*, 652 F.3d 132, 140 (1st Cir. 2011); *see* 6/30/12 Mem. Op. at 27. The state offense serves only to define what type of sexual activity a defendant must attempt to persuade the minor to engage in: "[t]o convict [the Defendant] under 18 U.S.C. § 2422(b), the jury had to unanimously agree . . . that *if* sexual activity had occurred, [the Defendant] could have been charged with a criminal offense" under state law. *United States v. Hart*, 635 F.3d 850, 855 (6th Cir. 2011) (emphasis added). "Because 18 U.S.C. § 2422(b) criminalizes persuasion and the attempt to persuade, the government is not required to prove that the defendant completed or attempted to complete any specific chargeable offense." *Id.*

Moreover, the Defendant's construction of section 2422(b) is inconsistent with the mens rea requirement of an attempt to violate section 2422(b). In this case, if the Government were required to show that the Defendant could be charged with attempting to violate D.C. Code § 22-3008 in order to sustain a conviction under section 2422(b), it would have to show that the

6

Defendant intended to engage in a sexual act with each minor.  *See Newman v. United States*, 49 A.3d 321, 324 (noting that the mens rea element of an attempt "requires proof that [defendant] had the intent to commit" the completed offense).  This requirement directly conflicts with the well-settled principle that "[a] conviction under § 2422(b) requires a finding only of an attempt to entice or an intent to entice, and not an intent to perform the sexual act following the persuasion."  *United States v. Brand*, 467 F.3d 179, 202 (2d Cir. 2006); *United States v. Nitschke*, 843 F. Supp. 2d 4, 11 (D.D.C. 2011) (collecting cases).  The Defendant's interpretation would read into section 2422(b) an additional intent element that has been routinely rejected.

To support his argument, the Defendant relies entirely on the Fourth Circuit's decision in *United States v. Kaye*, 243 F. App'x 763 (4th Cir. 2007).  Without citation or analysis, the Fourth Circuit indicated that "[t]o obtain a conviction under § 2422(b), the Government must also prove that the additional elements of" of the Virginia state offense."  *Id.* at 766.  In addition to the Sixth Circuit in *Hart* and subsequent decisions,[3] at least three Circuits have reached the opposite conclusion from the Fourth Circuit.  The Eleventh Circuit rejected this approach in *United States v. Lanzon*, 639 F.3d 1293 (11th Cir. 2011), noting that "'[t]he underlying criminal conduct that Congress expressly proscribed in passing § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself.'"  *Id.* at 1298 (quoting *United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004)).  The Eighth Circuit in *United States v. Spurlock*, 495 F.3d 1011 (8th Cir. 2007), addressed similar scenario to this case in that the defendant communicated with an adult intermediary.  *Id.* at 1014.  Spurlock argued that he could not be convicted of attempting to violate section 2422(b) because his contact with the intermediary ("Mary") "did not constitute statutory rape or statutory sodomy under Missouri law."  *Id.* at

---

[3] *E.g.*, *United States v. Hackworth*, 483 F. App'x 972 (6th Cir. 2012).

7

1014, n.2. The court rejected this argument as "beside the point":

> Count One of the indictment alleges that Spurlock's conversations with "Mary" were an attempt to entice her daughters to engage in sexual activity with him, for which Spurlock could be charged with statutory rape and statutory sodomy under Missouri law. Therefore, Spurlock's actions fall within the scope of the federal statute.

*Id.*; *see also United States v. Mannava*, 565 F.3d 412, 417 (7th Cir. 2009) ("This is not to say that a defendant must always violate the underlying state statute in order to be convicted under section 2422(b). If state law criminalizes only the completed sexual act, section 2422(b) would still impose liability for attempting to induce or persuade a minor to engage in the act, because an attempt "to engage in ... any sexual activity for which any person can be charged with a criminal offense" is explicitly criminalized by that section."). The Court agrees that section 2422(b) does not require the Government to prove that the Defendant violated (or attempted to violate) the underlying state statute; it is sufficient that the Government show if the sexual activity the Defendant enticed (or attempted to entice) the minor to engage in had been taken place, the Defendant could have been charged under the state statute.

The Defendant invokes the rule of lenity to suggest that in light of the different positions taken by the Courts of Appeals, the Court should adopt the Fourth Circuit's interpretation of section 2422(b). Def.'s Mot. at 4-5. The rule of lenity "is a canon of last resort where there is statutory ambiguity." *United States v. Cook*, 594 F.3d 883, 890 (D.C. Cir. 2010). The Fourth Circuit's assertion notwithstanding, the text of section 2422(b) simply is not ambiguous, leaving no room for the rule of lenity in this case. Every other Court of Appeals to have faced this issue reached the opposite conclusion. One outlying Circuit is not a basis for rejecting the plain meaning of the statute. *See Abbott v. United States*, 131 S. Ct. 18, 23 (2010) (finding 18 U.S.C. § 924(c) was not ambiguous, despite conflicting interpretations by the Courts of Appeals).

Furthermore, the Defendant's suggestion that "the language of § 2422(b) regarding attempt is ambiguous as to whether 'attempt' is assessed at the federal or state level," Def.'s Mot. at 4, is spurious. The Court is not suggesting that federal law be used to determine whether a defendant's conduct amounted to an attempt to violate the state statute because section 2422(b) does not require the defendant to take a substantial step towards completion of the underlying state offense *at all*, regardless of whether "attempt" is defined by state or federal law. The issue of attempt under section 2422(b) concerns only whether a substantial step was taken towards *persuading, inducing, enticing, or coercing* the minor to engage in illicit sexual activity. There is no ambiguity in what section 2422(b) requires for a defendant to be charged with attempting to violate the statute, therefore the rule of lenity is inapplicable.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the Defendant is not entitled to a judgment of acquittal as a matter of law. The Defendant's motion for judgment of acquittal in essence argues that the Superseding Indictment fails to state a claim, and thus can be raised after trial begins. However, the Defendant's proffered interpretation of section 2422(b) is misplaced. Section 2422(b) only requires the Government to show that *if* the Defendant and the minors at issue had engaged in the sexual activity the Defendant attempted to persuade, induce, entice, or coerce the minors to engage in, the Defendant could have been charged with a violation of D.C. Code § 22-3008. The Defendant does not contest the fact that the Government made that showing in this case. Accordingly, the Defendant's [98] Rule 29 Motion for Judgment of Acquittal is DENIED. An appropriate Order accompanies this Memorandum Opinion.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE