UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

PAUL DAVID HITE,

    Defendant.

Criminal No. 12-65 (CKK)

MEMORANDUM OPINION
(October 29, 2014)

Paul David Hite was convicted by a jury on two counts of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b) on February 13, 2013. On July 2, 2013, this Court sentenced Dr. Hite to 264 months of imprisonment followed by supervised release for a period of 120 months on each count to run concurrently, and imposed a $500,000.00 fine. Dr. Hite filed a timely appeal and, on October 21, 2014, the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") issued an opinion vacating Dr. Hite's conviction and remanding the case for a new trial on the grounds that the jury instructions failed to accurately state the elements of the statute under which Dr. Hite was convicted. *United States v. Hite*, No. 13-3066, 2014 WL 5343626, at *9-*10 (D.C. Cir. Oct. 21, 2014). The D.C. Circuit rejected Dr. Hite's primary argument regarding statutory interpretation, holding "that a defendant can be convicted under § 2422(b) for communicating with an adult intermediary, if the defendant's communications with the intermediary are aimed at persuading, inducing, enticing, or coercing the minor." *Id.* at *1. The mandate has not yet issued because the Clerk of the D.C. Circuit, pursuant to an order, is withholding the issuance of the mandate until seven days after disposition of any timely petition for rehearing or for rehearing en banc. *United States v. Hite*,

No. 13-3066, Clerk's Order (D.C. Cir. Oct. 21, 2014).

Presently before the Court is Dr. Hite's [181] Motion for an Order Setting Conditions of Release. Dr. Hite seeks release pending re-trial, arguing that conditions of release can be set that reasonably assure his appearance at re-trial and reasonably assure that he is not a danger to the community. Def.'s Mot. at 1. The government opposes Dr. Hite's release and requests that he remain detained. Govt.'s Opp'n at 1. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that Dr. Hite is not eligible for release at this time. Accordingly, the Court shall DENY WITHOUT PREJUDICE Dr. Hite's [181] Motion for an Order Setting Conditions of Release for the reasons described herein.

## LEGAL STANDARD

This Court has jurisdiction to consider a motion for release prior to the D.C. Circuit's issuance of a mandate. *United States v. Jones*, No. 08-3034, Order (D.C. Cir. Mar. 3, 2011). In addressing a motion for release, the Court must determine whether it is appropriate to treat Dr. Hite: (i) pursuant to 18 U.S.C. § 3142 as a defendant awaiting a new trial; (i) pursuant to 18 U.S.C. § 3143(b) as a defendant found guilty with the defendant seeking appeal; or (iii) pursuant to 18 U.S.C. § 3143(c) as a defendant found guilty with the government seeking appeal. *See id.* Although Dr. Hite's conviction was reversed, his appeal is still considered "pending" because the D.C. Circuit has not yet issued its mandate. *United States v. Wright*, Crim. No. 09-129-03, 2013 WL 6407031, at *1 (D.D.C. Dec. 9, 2013); *United States v. Jones*, 800 F. Supp. 2d 90, 92 (D.D.C. 2011). Accordingly, the Court shall treat Dr. Hite as a defendant found guilty and

---

[1] Def.'s Mot. for an Order Setting Conditions of Release ("Def.'s Mot."), ECF No. [181]; Govt.'s Opp'n to Def.'s Mot. for an Order Setting Conditions of Release ("Govt.'s Opp'n"), ECF No. [182]; and Reply of Def. in Support of Mot. for an Order Setting Conditions of Release ("Def.'s Reply"), ECF No. [183].

seeking appeal pursuant 18 U.S.C. § 3143(b). Moreover, because Dr. Hite is appealing the conviction of a crime of violence as defined in 18 U.S.C. § 3156(a)(4)(C) and a crime carrying a maximum sentence of life imprisonment, section 3143(b) directs that the Court shall order Dr. Hite's continued detention.

However, pursuant to 18 U.S.C. § 3145(c) the Court may still grant Dr. Hite's motion for release if Dr. Hite demonstrates: (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) "that there are exceptional reasons why [his] detention would not be appropriate." *See Wright*, 2013 WL 6407031, at *1 (citing 18 U.S.C. §§ 3143(b)(2), 3145(c)).

## DISCUSSION

After the jury returned the guilty verdict, the government made an oral motion requesting that Dr. Hite be detained pending sentencing pursuant to 18 U.S.C. § 3143, and the Court heard the parties' arguments on this issue.[2] Tr. 9:7—16:17 (Feb. 13, 2013), ECF No. [164]. The Court ultimately found that Dr. Hite had not met his burden of establishing by clear and convincing evidence that he is not likely to flee or to pose a danger to the safety of any other person or the community if released. *Id.* at 15:20—17:1. The Court stated that:

> I think there's a different situation once you've been convicted than when you're pretrial where there has not been a decision that you've actually committed the crimes. Now that there is a verdict, there has been that decision. So, I think that certainly there is a danger to the community in terms of the type of offense.
>
> Unlikely to flee, frankly, the sentence that he is facing is quite substantial. The GPS works up to a point, but it doesn't basically prevent you from fleeing, it just

---

[2] The Court also denied Dr. Hite's written motion for release pending sentencing, filed after the Court's oral ruling described above, and motion for release pending appeal, for different reasons. Order (Jun. 20, 2013), ECF No. [134]; Order (July 30, 2013), ECF No. [158]. The Order denying Dr. Hite's motion for release pending appeal was affirmed by the D.C. Circuit. *United States v. Hite*, 540 Fed. App'x 2 (D.C. Cir. 2013).

3

> tells you where the person is if they're not where they're supposed to be, and whether they're violating their conditions. It doesn't keep you from fleeing.

*Id.* at 15:25—16:11. Since this holding, the only thing that has changed is that Dr. Hite was sentenced and his conviction was overturned by the D.C. Circuit based on an erroneous jury instruction. *United States v. Hite*, No. 13-3066, 2014 WL 5343626, at *9-*10 (D.C. Cir. Oct. 21, 2014). The Court finds that the successful appeal does not alter the Court's post-conviction ruling that Dr. Hite was likely to flee or could pose a danger to the community under the controlling standard at this phase. Indeed, Dr. Hite remains sentenced to a substantial sentence and his pretrial compliance with the conditions of the release does not persuade the Court that at a minimum he is not a flight risk when applying the standard articulated under section 3143(b)(1) as applied to the instant motion by section 3145(c).

First, the Court notes that Dr. Hite did not succeed on what the D.C. Circuit classified as his "primary issue" on appeal, whether the statute under which he was convicted requires direct communication with a minor. *Id.* at *1. Accordingly, if Dr. Hite does proceed to a re-trial with no further appeals, the substantial amount of evidence previously presented against Dr. Hite is likely to be presented at a re-trial.[3] Further, as the Court learned through the presentence investigation, Dr. Hite's net worth was over $6 million at the time of sentencing. Final Presentence Investigation Report ("PSR") ¶ 91, ECF No. [116]. If convicted again, he faces a substantial sentence at the age of 59. Indeed, the Court sentenced Dr. Hite to a term of 264 months, on the low end of the U.S. Sentencing Guidelines range. Given Dr. Hite's significant financial means and the possibility of a new trial, the Court finds that Dr. Hite has not

---

[3] Pursuant to the D.C. Circuit's opinion, Dr. Berlin, Dr. Hite's proposed expert, also may be permitted to testify at re-trial. *United States v. Hite*, No. 13-3066, 2014 WL 5343626, at *10-*12 (D.C. Cir. Oct. 21, 2014).

established at a minimum by clear and convincing evidence that he is not likely to flee if released. Other than his potential new trial, Dr. Hite has offered no new evidence to meet his burden of demonstrating that he should not be detained pending appeal.

Instead, the parties in their pleadings apply the wrong legal standard at this juncture. Dr. Hite argues that the Court should treat him as a defendant awaiting a new trial pursuant to 18 U.S.C. § 3142, rather than as a defendant found guilty and seeking appeal. Def.'s Mot. at 4-5. While the government correctly notes that Dr. Hite's treatment as a defendant awaiting a new trial is premature given that the D.C. Circuit has not yet issued its mandate, the government's opposition still analyzes Dr. Hite's request as if he should be treated as such. Govt.'s Opp'n at 3-7. Nevertheless, the Court shall discuss Dr. Hite's arguments to the extent that they may be deemed relevant to its analysis under 18 U.S.C. § 3145(c).

Dr. Hite, arguing that the Court should implement his previous pretrial conditions of release at this point, relies largely on the two orders issued by Magistrate Judge Alan Kay and Judge Royce C. Lamberth granting Dr. Hite's request for release into the community prior to trial. Def.'s Mot. at 5-6; Memo. Op. & Order (Mar. 9, 2012), ECF No. [6]; Order (Mar. 9, 2012), ECF No. [7]. The Court does not rely on these opinions at this time for two reasons. First, the Court now has the benefit of relying on a more full trial record and the D.C. Circuit's opinion upholding the statute. Second, and more importantly, Dr. Hite was a defendant awaiting trial at the time of those decisions and, accordingly, his request for release was analyzed under 18 U.S.C. § 3142, rather than under the more stringent requirements of 18 U.S.C. § 3143(b) and § 3145(c) applied here. Rather, the Court finds that its oral findings denying Dr. Hite's request for release pending sentencing is more relevant to its analysis of the instant motion because the Court analyzed Dr. Hite's request under 18 U.S.C. § 3143. The Court does not find Dr. Hite's

argument that it should focus on the orders of Magistrate Judge Kay and Judge Lamberth persuasive because they applied a different standard without the benefit of a more robust record. Accordingly, the Court finds that Dr. Hite is not to entitled to release pursuant to 18 U.S.C. § 3145(c) because he has not at a minimum established by clear and convincing evidence that he is not likely to flee if released.

The Court further notes that Dr. Hite's request for release also fails because he has not identified exceptional reasons why his detention is not appropriate. "Section 3145(c) does not define the term 'exceptional reasons,' though courts have generally read the phrase to mean circumstances that are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Briggs*, 577 F. Supp. 2d 435, 437 (D.D.C. 2008) (quoting *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993)). Dr. Hite argues:

> His convictions have been vacated, the weight of the evidence against him at a retrial will not be as strong as it was at his initial trial, Dr. Hite's history and characteristics are the paradigm of those of a person Congress envisioned would be entitled to release pending trial, and Dr. Hite has a lengthy and highly successful track record living in the community under supervision pending trial without a hint of any problems or concerns presenting a danger to the community or risk of flight.

Def.'s Mot. at 6-7. Indeed, the crux of Dr. Hite's argument appears to be that his conviction has been reversed and the matter may be remanded for a new trial barring further appeal. However, "the mere prospect of a new trial is not enough, by itself, to constitute an 'exceptional reason' under 18 U.S.C. § 3143." *United States v. Wright*, Crim. No. 09-129-03, 2013 WL 6407031, at *2 (D.D.C. Dec. 9, 2013). As an additional basis for its ruling, the Court finds that Dr. Hite has failed to point to exceptional reasons demonstrating that his detention is inappropriate at this time. Accordingly, the Court shall deny Dr. Hite's request for release pursuant to 18 U.S.C. § 3145(c).

## CONCLUSION

For the foregoing reasons, the Court finds that Dr. Hite at a minimum failed to meet his burden of establishing by clear and convincing evidence that he is not likely to flee if released pursuant to 18 U.S.C. § 3145(c). Further, the Court finds that Dr. Hite has not identified any exceptional reasons demonstrating that his detention is inappropriate at this time as required under section 3145(c). Accordingly, Dr. Hite's [181] Motion for an Order Setting Conditions of Release is DENIED WITHOUT PREJUDICE.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE