UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PAUL DAVID HITE,<br><br>Defendant. | Criminal No. 12-65 (CKK) |

MEMORANDUM OPINION
(December 10, 2014)

This matter comes before the Court on Defendant Paul David Hite's [186] Motion for an Order Setting Conditions of Release Pursuant to 18 U.S.C. § 3142. Dr. Hite seeks release pending re-trial, arguing that conditions of release can be set that reasonably assure his appearance at re-trial and reasonably assure that he is not a danger to the community. Def.'s Memo. at 1. The government opposes Dr. Hite's release and requests that he remain detained pending re-trial. Govt.'s Opp'n at 1. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that Dr. Hite is not eligible for release at this time. Accordingly, the Court shall DENY Dr. Hite's [186] Motion for an Order Setting Conditions of Release Pursuant to 18 U.S.C. § 3142 for the reasons described herein.

**BACKGROUND**

On February 21, 2012, Paul David Hite was arrested on the charge of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). Following a

---

[1] Def.'s Mot. for an Order Setting Conditions of Release ("Def.'s Mot."), ECF No. [186]; Def.'s Memo. in Support of Def.'s Mot. ("Def.'s Memo."), ECF No. [186]; Govt.'s Opp'n to Def.'s Renewed Mot. for an Order Setting Conditions of Release ("Govt.'s Opp'n"), ECF No. [188]; and Def.'s Reply to Govt.'s Opp'n to his Mot. for an Order Setting Conditions of Release ("Def.'s Reply"), ECF No. [189].

preliminary/detention hearing on February 29, 2012, Magistrate Judge Alan Kay, applying 18 U.S.C. § 3142, ordered that Dr. Hite be released into the community while he was awaiting trial. Order (Mar. 9, 2012), ECF No. [7].  As part of his pretrial conditions of release, Dr. Hite was ordered to 24-hour home confinement subject to supervision by Pretrial Services and subject to electronic and/or GPS monitoring.  Dr. Hite's parents were required to serve as his custodians and live in the house with Dr. Hite.  Dr. Hite was required to post a property bond through a lien on the entire equity of his house in Richmond, Virginia, worth $650,000.[2]  Dr. Hite also was ordered to stay away from all minor children, not access the internet, and not leave the Richmond, Virginia area, except to appear in Court.  *Id.*  The government appealed the release order which was affirmed in its entirety by then-Chief Judge Royce C. Lamberth.  Memo. & Order (Mar. 9. 2012), ECF No. [6].

On February 13, 2013, Paul David Hite was convicted by a jury on two counts of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b).  After the jury returned the guilty verdict, the government made an oral motion requesting that Dr. Hite be detained pending sentencing pursuant to 18 U.S.C. §§ 3143 and 3145, which this Court granted after hearing argument on the issue.  Tr. 9:7—17:1 (Feb. 13, 2013), ECF No. [164].  The Court denied Dr. Hite's written motion for release pending sentencing, filed after the Court's oral ruling.  Def.'s Mot. for Release Pending Sentencing, ECF No. [100]; Order (Jun. 20, 2013), ECF No. [134].  On July 2, 2013, this Court sentenced Dr. Hite to 264 months of imprisonment followed by supervised release for a period of 120 months on each count to run concurrently, and imposed a $500,000.00 fine.  Judgment, ECF No. [156].

---

[2] The Court notes that value of the residence is listed as $432,300.00 in the Final Presentence Investigation Report ("PSR") ¶ 91, ECF No. [116].

Following sentencing, Dr. Hite filed a timely appeal of his conviction with the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). Dr. Hite also filed with this Court a motion requesting his release pending appeal which the Court denied pursuant to 18 U.S.C. § 3145.[3]  Def.'s Mot. for Release Pending Appeal, ECF No. [120]; Order (July 30, 2013), ECF No. [158].

On October 21, 2014, the D.C. Circuit issued an opinion vacating Dr. Hite's conviction and remanding the case for a new trial on the grounds that the jury instructions failed to accurately state the elements of the statute under which Dr. Hite was convicted. *See generally United States v. Hite*, 769 F.3d 1154 (D.C. Cir. 2014). The D.C. Circuit rejected Dr. Hite's primary argument regarding statutory interpretation, holding "that a defendant can be convicted under § 2422(b) for communicating with an adult intermediary, if the defendant's communications with the intermediary are aimed at persuading, inducing, enticing, or coercing the minor." *Id.* at 1158, 1160-66. On October 23, 2014, Dr. Hite filed a motion requesting his release as a defendant awaiting a new trial pursuant to 18 U.S.C. § 3142. Def.'s Mot. for Order Setting Conditions of Release, ECF No. [181]. The Court found that Dr. Hite was properly treated as a defendant found guilty and seeking appeal pursuant to 18 U.S.C. §§ 3143(b) and 3145(c) at that time because the mandate had not yet issued from the D.C. Circuit. Memo. Op. (Oct. 29, 2014), at 2-3, ECF No. [185]. Applying that legal standard, the Court denied without prejudice the motion for release. Order (Oct. 29, 2014), ECF No. [184]. The mandate vacating Dr. Hite's conviction and remanding this matter for a new trial issued from the D.C. Circuit on November 25, 2014. Mandate, ECF No. [187]. Dr. Hite now seeks release as a defendant

---

[3] Dr. Hite appealed this detention order while his appeal was pending, and the D.C. Circuit affirmed the order. *United States v. Hite*, 540 Fed. App'x 2 (D.C. Cir. 2013).

awaiting a new trial pursuant to 18 U.S.C. § 3142.

## LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, lays out limited circumstances under which a defendant may be detained pending trial.  The Act provides that a defendant may be detained if the district court finds by clear and convincing evidence "that no condition or combination of conditions will reasonably assure the safety of any other person and the community . . . ." 18 U.S.C. § 3142(f).  Further, a defendant may be detained under the Act if the district court finds by a preponderance of the evidence "that no combination of conditions--either those set out in the Bail Reform Act itself or any others that the magistrate or judge might find useful--can 'reasonably' assure that the defendant will appear for trial." *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) (per curiam); *see also* 18 U.S.C. § 3142(g).

However, where there is probable cause to believe that a defendant has committed an offense involving a minor victim, a rebuttable presumption arises that no conditions or combination of conditions will reasonably assure either the defendant's appearance or the safety of the community.[4] 18 U.S.C. § 3142(e)(3)(E). "[T]he presumption operate[s] *at a minimum* to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption."  *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).  The district court examines the following factors in making its determination:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of

---

[4] The Indictment alone in this case is sufficient to establish probable cause to believe that Dr. Hite committed the charged offenses which are offenses that involve minor victims. *See United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *United States v. Williams*, 811 F. Supp. 2d 274, 277 n.2 (D.D.C. 2011).  However, this Court also concludes, based on the testimony provided at trial, that probable cause exists to believe that Dr. Hite violated 18 U.S.C. § 2422(b) as charged.

>
> terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## DISCUSSION

Dr. Hite argues that the Court should grant his request for release and impose the same conditions of his release as were imposed prior to his original trial. Dr. Hite also suggests additional conditions of release that the Court may impose if it is so inclined. Considering each factor below, the Court finds that Dr. Hite has rebutted the presumption against pretrial release by presenting evidence contrary to the statutory presumption. However, the Court still finds that detention is proper because the government also has met its burden. Specifically, the Court finds by a preponderance of the evidence that no combination of conditions of release can reasonably assure that the defendant will appear for trial if he is released. The Court does not reach the issue of whether Dr. Hite poses a risk to other persons or the community because the Court bases its holding on Dr. Hite's risk of flight pursuant to 18 U.S.C. § 3142.

A. *Nature and Circumstances of the Offense Charged*

The charges against Dr. Hite weigh in favor of detention. Dr. Hite is charged with two counts of attempted coercion and enticement of a minor in violation of 18 U.S.C. §§ 2422(b). It is clear that these are serious charges against Dr. Hite. A violation of section 2422(b) is a crime of violence as defined by 18 U.S.C. § 3156(a)(4)(C), and a crime that involves minor, albeit in this case fictitious, victims. Further, Dr. Hite does not appear to contest the gravity of the charges. *See* Def.'s Memo. at 6 ("Before his first trial, Dr. Hite was released on bail, *despite* the acknowledged seriousness of the charged offense . . . ."). Accordingly, the Court finds that this factor weighs in favor of Dr. Hite's detention pending trial.

B. *Weight of the Evidence Against Dr. Hite*

The weight of the evidence against Dr. Hite also supports his detention. The D.C. Circuit's opinion in this matter details the evidence presented against Dr. Hite at his original trial. *United States v. Hite*, 769 F.3d 1154, 1158-59 (D.C. Cir. 2014). Based on this opinion, the Court shall provide a brief synopsis for the purposes of its analysis. Dr. Hite was arrested after engaging in online conversations with "DCped," a person purporting to be single man in the District of Columbia area who was a self-described "[n]o limit perv." *Id.* "DCped," later known as J.P., was in actuality the online persona created by Metropolitan Police Department Detective Timothy Palchak. *Id.* at 1158. J.P. purported to have an ongoing sexual relationship with the twelve-year-old daughter of his girlfriend and to have sexual contact with his three-year-old nephew. *Id.* Dr. Hite indicated that he had previously been sexually active with an eleven-year-old boy. *Id.*

During their online conversations, Dr. Hite and J.P. detailed their plans to engage in sexual encounters with the minors. *Id.* Dr. Hite asked if J.P. had ever given the minors alcohol

to relax them. *Id.* When J.P. responded that he had given the girl alcohol and the nephew Benadryl, Dr. Hite responded "[n]ice on both counts." *Id.* After J.P. suggested a three-way sexual encounter with the twelve-year old girl, Dr. Hite asked J.P. to show his picture from an online profile to the girl because he wanted her to be "into it." *Id.* "On one occasion, J.P. asked Hite, 'are you sure your [sic] not just into the fantasy of this? ?' . . . Hite responded, 'it has been ages since I have been active——FACT, never played with a boy your nephew's age but VERY interested.'" *Id.* at 1159. Dr. Hite also indicated to J.P. that they should give the boy Bendryl in part to distort the boy's recollection. *Id.* at 1158-59. After chatting online for several days, J.P. informed Dr. Hite that he would be babysitting his nephew and the men agreed to meet the day prior to "validate" before engaging in sexual activities with the three-year-old the next day. *Id.* at 1159. After Dr. Hite expressed nervousness prior to the planned meeting, "J.P. offered to do a 'webcam session' performing fellatio on his nephew on the following morning, so that Hite could see that he was 'legit.'" *Id.* Dr. Hite agreed to the webcam session and indicated that he could drive a four-wheel drive vehicle to the District of Columbia that weekend if there was snow. *Id.* Dr. Hite was arrested later that evening near his home in Richmond, Virginia. *Id.* During the search of his home, a laptop was seized from which 400 "thumbnail" images of child pornography were recovered.[5] *Id.* The laptop also revealed that Dr. Hite had completed an internet search for the Verizon Center, the landmark that J.P. had provided for locating his residence. *Id.* A jar of peanut-butter-and-jelly mix, which Dr. Hite previously had suggested that he and J.P. use to "stimulate oral exploration" with J.P.'s three-year-old nephew, also was recovered from the home. *Id.* at 1158-59.

The parties in their briefs compare the weight of the evidence against Dr. Hite at this

---

[5] The images had been opened from a separate electronic storage device. *Id.*

7

juncture with the weight of the evidence against him prior to his first trial when he was released. Dr. Hite argues that the evidence does not weigh as heavily against him now because the D.C. Circuit has ruled that the Court used a jury instruction that was too broad and that the Court improperly excluded the testimony of Dr. Hite's proposed expert witness, Dr. Berlin, who Dr. Hite argues will testify as to the "central focus" of his defense, that Dr. Hite is a fantasist with no actual sexual interest in children. Def.'s Memo. at 7-9. The government contests Dr. Hite's representations for two reasons. First, the government argues that while the D.C. Circuit vacated Dr. Hite's conviction based on an erroneous jury instruction, the modification of the jury instruction will not significantly increase Dr. Hite's likelihood of success on re-trial. Govt.'s Opp'n at 6-7. Second, the government notes that it intends to present its own expert to counter Dr. Berlin's testimony. Govt.'s Opp'n at 7.

The Court finds that the weight of the evidence against Dr. Hite remains strong for the reasons described herein and, accordingly, this factor weighs in favor of detention. The Court first notes that when the issue of release was pending before Judge Lamberth, Dr. Hite argued that he had not violated section 2422(b) because he only communicated with an adult intermediary and never communicated directly with a minor. Memo. Op. (Mar. 9, 2012), at 8. While Judge Lamberth ultimately found for the purposes of probable cause that section 2422(b) did not require direct communication between the defendant and a minor, *id.* at 10, he noted at that time that "there is at least some modicum of doubt about what exactly the government would need to prove in this defendant's case," *id.* at 11. After the D.C. Circuit's opinion it is now clear: "Where an adult intermediary is involved, . . . 'using the mail or any facility or means of interstate or foreign commerce' pursuant to § 2422(b) is satisfied if the defendant knowingly and actively employs such interstate means for the essential function of communicating with the

adult intermediary for the purpose of persuading, inducing, enticing, or coercing the minor." *United States v. Hite*, 769 F.3d 1154, 1165 (D.C. Cir. 2014). Accordingly, the government's case for detention is now stronger based on the D.C. Circuit's holding regarding the statutory interpretation.

The D.C. Circuit's holding dictates two changes that will occur at re-trial related to the jury instructions and the expert testimony of Dr. Berlin. Turning first to the jury instructions, it appears that the jury instructions will be narrower during re-trial.[6] However, even with the changes in the jury instruction, the evidence against Dr. Hite remains weighty. Indeed, on appeal, the D.C. Circuit noted that Dr. Hite challenged the sufficiency of the evidence *only* in relation to his argument that 18 U.S.C. §§ 2422(b) requires direct communication with a minor. *Id* at 1166. Because the D.C. Circuit held that section 2422(b) does not require direct communication between a defendant and a minor, it did not analyze a sufficiency of the evidence claim. *Id.* However, the D.C. Circuit did opine that a reasonable jury could still convict Dr. Hite on both counts based on the evidence presented at trial. *Id.* at 1165-66. Specifically, the D.C. Circuit noted that "the Government presented evidence that Hite used the Internet to provide Palchak with a photo to show the twelve-year-old girl, which a reasonable jury could conclude was an effort to use the interstate means to have the adult intermediary persuade the girl to

---

[6] The D.C. Circuit specifically held that while much of the jury instruction was correct, the inclusion of the language that the "'government must only prove that the defendant believed that he was communicating with someone who could *arrange* for the child to engage in unlawful sexual activity'" was erroneous. *Hite*, 769 F.3d at 1167. While the D.C. Circuit in its opinion did not include language that would be permissible, the Sixth Circuit, after the opinion in *Hite* was issued, held that the following jury instruction was permissible: "'It is sufficient for the [G]overnment to prove [defendant] attempted to persuade, induce, entice or coerce a minor by communicating with someone he believed was the minor's parent, guardian, or someone else likely to have *influence* over the minor.'" *United States v. Harmon*, No. 13-4365, 2014 U.S. App. LEXIS 22099, at *26-27 (6th Cir. Nov. 21, 2014).

engage in sex with Hite." *Id.* at 1165. The D.C. Circuit also indicated that "the Government's evidence showed that Hite used the telephone to encourage the adult intermediary to perform a sexual act on the three-year-old boy during a webcam session the next day, which a jury could construe as using the interstate means to have the adult intermediary perform a 'sexual grooming' activity with the boy . . . with the aim of inducing the boy thereby to engage in sexual activity with Hite." *Id.* at 1165-66.

Turning next to the expert testimony, it appears that the parties plan to present competing expert testimony at trial. Dr. Hite presents a letter from Dr. Berlin that was prepared after trial based on his pre-trial examination of Dr. Hite. The letter expresses Dr. Berlin's professional opinion that Dr. Hite was engaged in fantasy conversations and that his risk of future recidivism is low. *See generally* Def.'s Reply, Ex. A (Letter from Dr. Berlin), ECF No. [189-1]. The government simply indicates that it also plans to present expert testimony. Govt.'s Opp'n at 7. At this time, it is purely speculative how much weight the jury will give either party's expert witness and, accordingly, the Court concludes that the potential testimony of Dr. Berlin coupled with a possible government expert does not tip this factor towards permitting Dr. Hite's release. Indeed, the Court finds that there is strong evidence against Dr. Hite and, accordingly, this factor weighs in favor of ordering Dr. Hite's detention pending re-trial.

C.  *History and Characteristics of Dr. Hite*

Dr. Hite has been incarcerated since the jury returned the verdict on February 13, 2013. It is undisputed that Dr. Hite's life prior to trial was one marked by stability. Dr. Hite is fifty-nine years old and has lived in Richmond, Virginia for the majority of his life. Final Presentence Investigation Report ("PSR") ¶¶ 62-63, 66, ECF No. [116]. Prior to his arrest in the instant action, Dr. Hite worked as an anesthesiologist with the same practice for over 25 years. *Id.* ¶ 87.

At the time of sentencing, Dr. Hite was in good physical health, *id.* ¶ 70, although experiencing some situational anxiety and depression due to the instant charges, *id.* ¶ 74. Dr. Hite has no prior arrests and was fully compliant with the terms of his release prior to trial which spanned close to a year. Dr. Hite does not report any history of abusing drugs or alcohol. *Id.* ¶ 80.

Dr. Hite has substantial financial resources. His self-reported net worth during the presentence investigation was over $6 million, and included several vehicles and pieces of real estate as well as retirement and bank accounts. *Id.* ¶ 91. Dr. Hite lives in close proximity to his retired parents, and appears to be the member of tight-knit, loving, and supportive family that includes his parents, his brother, and his brother's family. *Id.* ¶¶ 62-64. His parents served as his custodians prior to his original trial and his family members attended the proceedings. After trial, Dr. Hite's mother, who was present throughout the proceedings, indicated that she did not agree with the decision of the jury. Specifically, Dr. Hite's mother stated, "He has never given us one ounce of trouble in his life. This is a travesty of justice. He is not guilty of this and I think in the end that will be proven. This has been a nightmare for our family and is totally unjustified." *Id.* ¶ 68.

As the Court will discuss further *infra*, there are certain elements of this factor that weigh both in favor and against setting conditions for Dr. Hite's release. Specifically, the Court notes that Dr. Hite's ties to his family and to his community are strong. He also has a track record of full compliance with his previous terms of his release. However, the Court also notes that Dr. Hite's considerable assets as well as his ability to earn a future living were he to flee, weigh in favor of detention. Finally, the Court has some concerns about the appropriateness of Dr. Hite's parents serving as custodians were he to be released. The Court shall expound on these specific facts below.

D. *Nature and Seriousness of Danger to Other Persons or the Community*

The Court shall briefly discuss the nature and seriousness of the danger posed to other persons or the community if Dr. Hite is to be released. However, the Court notes that since it makes its finding based on Dr. Hite's risk of flight, this factor is considered but is given limited weight in its analysis. *United States v. Bikundi*, No. 14-030, 2014 WL 2761209, at *5 (D.D.C. Jun. 18, 2014); *United States v. Vo*, 978 F. Supp. 2d 41, 46 (D.D.C. 2013); *United States v. Hassanshahi*, 989 F. Supp. 2d 110, 117-18 (D.D.C. 2013).

Dr. Hite argues that he does not pose a danger to others or the community based on Dr. Berlin's letter indicating that Dr. Hite would not engage in sexual conduct with real-world children were he to be released. Def.'s Memo. at 8-9; Def.'s Reply at 6; Ex. A (Letter from Dr. Berlin). It is clear to the Court that Dr. Hite was extremely cautious in his dealings with J.P. such that the Court agrees that it is unlikely that Dr. Hite would engage in sexual conduct with a minor while released pending re-trial. *See United States v. Hite*, 769 F.3d 1154, 1159 (D.C. Cir. 2014). However, if Dr. Hite were to flee the country, the Court does not have the same confidence.

Further, the evidence of the child pornography found on Dr. Hite's computer was not before Judge Lamberth when he ordered Dr. Hite's release pending trial. It is clear that possession of child pornography is a crime that poses a serious danger to other persons as it is not a victimless crime. *United States v. Accardi*, 669 F.3d 340, 345 (D.C. Cir. 2012) ("As the victim impact statements in this case show, child pornography creates an indelible record of the children's participation in a traumatizing activity, and the harm to the child is only exacerbated by the circulation of the materials."). Dr. Hite previously was ordered not to access the internet during the term of his supervised release and there is no indication that he violated this condition.

However, the Court is not confident that Dr. Hite would not access child pornography if he flees.

    E.  *Balancing of the Factors*

In order to determine whether release is appropriate, the Court must consider whether any combination of conditions of release would reasonably ensure Dr. Hite's appearance at re-trial. Dr. Hite argues that the Court should rely on previous orders entered by Magistrate Judge Kay and Judge Lamberth that set the conditions of Dr. Hite's release prior to his first trial. Specifically, Dr. Hite argues that those conditions of release should be imposed at this phase. The terms of Dr. Hite's prior conditions of release follow: 24-hour home confinement with supervision by Pretrial Services; 24-hour electronic and/or GPS monitoring; supervision by Dr. Hite's parents who were required to live in the home with him; no contact with minor children; no internet access; and no travel outside of the Richmond area, except for Court appearances. The Court also imposed a $650,000 lien on Dr. Hite's home in Richmond, Virginia. With regard to the instant motion, Dr. Hite also noted his willingness to place the "bulk" of his liquid assets in a trust that could not be accessed during the pendency of the trial and Dr. Hite's parents' willingness to place a lien on their home as additional conditions of release. Def.'s Memo. at 10 n.1.

Taking into account the four factors described above, the Court finds that at this juncture, there are no conditions of release that would reasonably assure Dr. Hite's appearance at re-trial were he to be released. While the Court notes that Dr. Hite was fully compliant with the terms of his release prior to his first trial, additional information now available to the Court and the passage of time requires that the Court make its consideration anew.

Dr. Hite has now served 21 months of a 264-month sentence and is 59 years old. While he successfully appealed his conviction, he faces re-trial and another lengthy sentence if he is

convicted based on the strong evidence against him. Dr. Hite seeks to counter this claim by pointing out that he had been housed under worse conditions in D.C. Jail prior to his earlier release. Def.'s Reply at 7. The Court is not persuaded by this argument. Dr. Hite was housed in D.C. Jail for 17 days after his arrest and prior to the issuance of Judge Lamberth's opinion. This short stay at the D.C. Jail can hardly be compared to serving over a year and a half in a federal facility with the potential that the imposed sentence may conceivably run the course of one's natural life. Further, while Dr. Hite's counsel proffers that Dr. Hite has been fully aware of the severity of a possible sentence throughout the proceedings, Def.'s Memo. at 10, there is a significant difference between being aware of a potential sentence and actually beginning to serve the sentence after it has been imposed. Indeed, incarceration in a federal facility is a stark contrast to Dr. Hite's affluent lifestyle prior to the commencement of this action, and the possibility of returning to confinement after having experienced it heightens Dr. Hite's risk of flight.

   The Court also is not persuaded that the forfeiture of the bulk of Dr. Hite's liquid assets would deter him from fleeing. At sentencing, Dr. Hite's self-reported assets were over $6 million. While Magistrate Judge Kay and Judge Lamberth imposed a $650,000 lien on Dr. Hite's house prior to trial as a condition of his release, Dr. Hite's sizeable assets were not known at that time. Indeed, the extent of Dr. Hite's assets only became known to this Court during the presentence investigation after trial. PSR ¶ 91. Dr. Hite proposes that the Court place the bulk of his liquid assets in a trust during the pendency of the new trial so that they cannot be accessed. However, the Court is not convinced that the forfeiture of Dr. Hite's self-reported assets is a deterrent from fleeing at this time. Indeed, if Dr. Hite were to flee and forfeit his assets, he still has the ability to make a living outside of this country given his medical training and his lengthy

career as an anesthesiologist.  Notably, Dr. Hite's employment was terminated as a result of the instant charges brought against him and was not based in any way on his skills as a medical doctor.  The Court also notes that Dr. Hite may have other financial resources that were unreported to the Court or friends or family members who may be able to provide financial assistance in his flight. Dr. Hite also has proposed that the Court place a lien on his parents' home that will be forfeited in the event that he flees.  The Court notes that this condition would provide some assurance that Dr. Hite would not flee.  However, while the Court does not suggest that Dr. Hite would flee and leave his parents, who are in their 80s, destitute, the parents' residence is unlikely their only financial resource were it to be forfeited.

Finally, the Court notes that it has concerns about the appropriateness of Dr. Hite's parents serving as his custodians were he to be placed on release.  The Court first emphasizes that Dr. Hite's mother is most certainly entitled to her opinion about the proceedings in this matter and it is clear to the Court that Dr. Hite is the member of a loving family.  However, Dr. Hite's mother's statements were made after observing the trial and, at the very least, after evidence was presented that Dr. Hite was in possession of child pornography, an offense for which he was not charged but which is not a victimless crime.  Given Dr. Hite's mother's strong feelings about the injustice that she perceives to have been committed in this action, the Court is not convinced that if offered the choice between obeying an order of this Court and assisting her son in a manner that she deemed proper and just, that Dr. Hite's mother would heed to this Court's order.  Specifically, the Court is concerned that the family may be complacent with Dr. Hite fleeing the jurisdiction to avoid re-trial.  Indeed, Dr. Hite's mother's feelings about the proceedings and the charges against Dr. Hite is information that also was not before Magistrate Judge Kay and Judge Lamberth when they determined that Dr. Hite's parents should serve as his

custodians during his release pending trial.

Based on the Court's application of the four factors enunciated in 18 U.S.C. § 3142(g), the Court finds that Dr. Hite has rebutted the presumption that his detention is warranted by producing credible evidence contrary to the statutory presumption, namely his compliance with the conditions of his release prior to his first trial. However, the Court finds that the government has established by a preponderance of the evidence that no combination of conditions of release can reasonably assure that the defendant will appear for re-trial. Specifically, the Court finds that the first two factors, the nature and circumstances of the offense charged and the weight of the evidence against Dr. Hite, both strongly favor Dr. Hite's detention. The third factor, the history and characteristics of Dr. Hite, also weighs, albeit less strongly, in favor of Dr. Hite's detention. Specifically, given Dr. Hite's age and financial resources, the fact that he has now experienced the severity of his potential sentence by serving 21 months in prison, and the Court's concerns about his proposed custodian, the Court finds that this factor tips towards ordering Dr. Hite's detention. Finally, the fourth factor, the nature and seriousness of danger to other persons or the community, is not a factor that the Court weighs heavily in its analysis given that the bases of its holding is Dr. Hite's likelihood of flight. The Court agrees that Dr. Hite is unlikely to engage in sexual conduct with a minor if released pending re-trial if he does not flee. However, despite the unlikelihood that Dr. Hite will offend while on release, the Court finds that the government has met its burden of establishing that he is likely to flee by a preponderance of the evidence. Accordingly, the Court has determined that Dr. Hite's request for release shall be denied and Dr. Hite shall be detained pending re-trial in this matter.

## CONCLUSION

For the foregoing reasons, the Court finds that Dr. Hite has rebutted the presumption

pursuant to 18 U.S.C. § 3142(e)(3)(E) that no combination of conditions will ensure his appearance at re-trial if he is released.  Further, the Court finds that the government has established by a preponderance of the evidence that no combination of conditions of release can reasonably assure that the defendant will appear for trial pursuant to 18 U.S.C. § 3142(g). Accordingly, Dr. Hite's [186] Motion for an Order Setting Conditions of Release Pursuant to 18 U.S.C. § 3142 is DENIED.  The Court will proceed to retry this case as soon as the parties are prepared to do so.

                                                          */s/*
                                                       **COLLEEN KOLLAR-KOTELLY**
                                                       UNITED STATES DISTRICT JUDGE