# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 12-65 (CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL DAVID HITE,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S REPLY IN FURTHER SUPPORT OF
### MOTION TO CONTINUE THE MAY 21, 2015 SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this reply in further support of its motion to continue the May 21, 2015 sentencing in the above referenced case.

### ARGUMENT

The defendant, Paul David Hite, alleges in his opposition to the government's motion to continue the May 21, 2015 sentencing (ECF No. 242) that "[c]ounsel for the government represented to [the defendant] that if he agreed to plead guilty to the Information, the government would 'notify the victims immediately and request that they send us any information for sentencing, including requests for restitution, within a week or two.'"  (ECF No. 243 at 1-2). The defendant further contends that he "relied upon that representation in agreeing to plead guilty" (id. at 2).  However, these terms do not appear anywhere in the plea agreement that both the defendant and his counsel signed (see ECF No. 232).  Moreover, in that plea agreement, both the defendant and his counsel specifically acknowledged:

> No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

(Id. at 15.) Indeed, the defendant, while under oath during the plea colloquy acknowledged that "this is the agreement totally." (Transcript of April 15, 2015 Plea Hearing at 67, attached hereto as Exhibit A.)[1]  The defendant's suggestion that there was a side agreement concerning restitution is belied by the record.

The defendant also suggests that the government's response to the Court's request to move the sentencing up one was to file a motion to continue the sentencing (ECF No. 243 at 2). This suggestion is misleading.  In fact, the government contacted the defendant about requesting a continuance on Friday, May 15, 2015, but did not receive a response until Monday, May 18, 2015, which prompted the filing of the government's motion.  (Email correspondence, attached hereto as Exhibit B.)

The defendant's additional suggestion that any new victims might still have the opportunity to request restitution following sentencing both assumes that the defendant would not object to such a request (which is unlikely) and ignores the statutory rights of those victims pursuant to 18 U.S.C. § 3771.

---

[1] Further, the Court acknowledged that victim restitution was "outside of the agreement." (Transcript of April 15, 2015 Plea Hearing at 54.)

WHEREFORE, for all of the reasons set forth herein and those in its initial motion, the government requests that the Court grant its motion to continue the May 21, 2015 sentencing.

Respectfully submitted,

VINCENT H. COHEN, JR.
Acting United States Attorney
Bar No. 471489

By: _____/s/_____
DAVID B. KENT, D.C. Bar 482850
(202) 252-7763
david.kent@usdoj.gov
ANDREA L. HERTZFELD, D.C. Bar 494059
(202) 252-7808
andrea.hertzfeld@usdoj.gov
Assistant United States Attorneys
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

_____/s/_____
ALEXANDRA R. GELBER, D.C. Bar 473773
Assistant Deputy Chief
United States Department of Justice
Criminal Division, Child Exploitation and Obscenity Section
1400 New York Ave, N.W.
Washington, D.C. 20530
(202) 307-1316
alexandra.gelber@usdoj.gov